# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. PARKHURST,<br><br>    Petitioner,<br><br>    v.<br><br>U.S. DISTRICT COURT OF CALIFORNIA,<br><br>    Respondent. | 1:05-cv-00471-AWI-TAG HC<br><br>REPORT AND RECOMMENDATION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR FAILURE TO EXHAUST CLAIMS<br>(Doc. 1) |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL HISTORY**

Petitioner filed his Petition on April 11, 2005. (Doc. 1). Petitioner alleges the following ground for relief: (1) failure of the prosecution to disclose exculpatory evidence, primarily from potential witnesses; (2) ineffective assistance of trial counsel in refusing to call certain witnesses to testify and not thoroughly examining witnesses who were called to testify; (3) ineffective assistance of trial counsel in failing to introduce at trial petitioner's psychological evaluation; and (4) ineffective assistance of appellate counsel in failing to raise ineffective assistance of trial counsel in the appeal and in sending court filings to his sister instead of Petitioner, thus depriving Petitioner of the chance to ensure that his appeal raised the above issues. (Doc. 1, pp. 35; 59; 112; 163).

In his direct appeal, Petitioner raised the following issues in his petition for review before the California Supreme Court: (1) judicial misconduct in commenting to jurors about the potential sentence, and ineffective assistance of trial counsel for failing to object to the court's comments; (2) CALJIC No. 2.50.01 is a violation of federal due process; (3) trial court's refusal to give a lesser included offense instruction; and (4) error in using CALJIC No. 17.41.1.  (Doc. 1, p. 29).  Petitioner indicates that he has never filed a state habeas corpus proceeding related to the instant conviction and sentence.  (Id. at 2).  In the petition itself, Petitioner concedes that he has never previously presented the issues of prosecutorial misconduct, ineffectiveness of trial counsel, and ineffectiveness of appellate counsel to any federal or state court.  (Id. at 300).  When asked in the petition to explain such an omission, Petitioner did not respond.  (Id.).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases. From a preliminary review of the Petition, it does not appear that any of the grounds raised in this petition have ever been presented to *any* state court, let alone to the California Supreme Court. Accordingly, this petition is not "mixed," i.e., a petition containing both exhausted and unexhausted claims, but instead is a completely unexhausted petition.  Under such circumstances, the Court has little choice but to recommend dismissal of the petition.

**I.  General Principles Of Exhaustion.**

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).  As noted in Rose v. Lundy:

> Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."

Rose, 455 U.S. at 518, quoting Darr v. Burford, 339 U.S. 200, 204 (1950).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 8 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. Later, the Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control

3

> resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
>
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

**II. None Of Petitioner's Claims Are Exhausted.**

In the instant petition, Petitioner has submitted over 300 pages of attachments, including, inter alia, the brief filed in the California Court of Appeal as well as the table of contents from his petition for review filed in the California Supreme Court, both filed in Petitioner's direct appeal from conviction. In his petition, Petitioner, as mentioned, indicated under penalty of perjury that he has never filed a state habeas corpus petition related to his convictions or sentences. Moreover, the petition indicates that Petitioner has never previously presented these grounds, i.e., prosecutorial misconduct and ineffective assistance of trial and appellate counsel, in any state or federal court. (Doc. 1, p. 300). Petitioner offers no explanation for this omission. (Id.).

From these voluminous documents, it is apparent that none of the grounds in the instant petition have ever been presented to the California Supreme Court. Although a claim of ineffective assistance of trial counsel was presented in Petitioner's petition for review in that court, trial counsel's alleged ineffectiveness there stemmed from his attorney's failure to object to comments made by the trial judge to the jury regarding a potential sentence. By contrast, in the instant petition, Petitioner claims ineffective assistance based on trial and appellate counsel's failure to present certain testimony, failure to call certain witnesses, failure to properly examine certain witnesses, failure to raise ineffectiveness of trial counsel on appeal, and improperly sending documents to Petitioner's sister instead of Petitioner. As such, the ineffective assistance claims now raised in this petition are legally and factually distinct from the claim earlier raised in Petitioner's direct appeal and arguably exhausted in his petition for review in the California Supreme Court.

///

///

///

From the information provided by Petitioner himself, all four grounds in the instant petition are, without question, unexhausted. Because the petition contains *only* unexhausted claims, the Court must dismiss the petition.[1] 28 U.S.C. § 2254(b)(1); see Rose, 455 U.S. at 521-522; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997)(en banc), cert. denied, 118 S.Ct. 265 (1997); Greenawalt v. Stewart, 105 F.3d 1268, 1273 (9th Cir. 1997), cert. denied, 117 S.Ct. 1794 (1997).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Pub. L. No. 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(3). The Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the application." 28 U.S.C. § 2254(b)(1)(B).

In this case, Respondent has not waived exhaustion. Moreover, California provides avenues for Petitioner to pursue state claims, although Petitioner has not utilized them. For example, his claims could have been presented in a state petition for writ of habeas corpus. See Cal. Penal Code §§ 1473-1508. Finally, sufficient circumstances do not exist in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and to find that California's corrective processes are ineffective to protect Petitioner's rights.

Normally, a Petitioner who files a "mixed" petition, i.e., a petition with both unexhausted and exhausted claims, will be allowed an opportunity to withdraw the unexhausted claims and proceed with the exhausted claims, Rose, 455 U.S. at 510; Rhines v. Weber, ___U.S. ___, 125 S.Ct. 1528, 1535 (2005), or, in appropriate circumstances, to request a stay of proceedings in order to exhaust the unexhausted claims. Rhines, 125 S.Ct. at 1534; Jackson v. Roe, No. 02-56210, 2005 WL 2319679,

---

[1] A dismissal for failure to exhaust is not a dismissal on the merits, and Petitioner will not be barred from returning to federal court after Petitioner exhausts available state remedies by 28 U.S.C. § 2244(b)'s prohibition on filing second petitions. See In re Turner, 101 F.3d 1323 (9th Cir. 1996). However, the Supreme Court has held that: "[I]n the habeas corpus context it would be appropriate for an order dismissing a mixed petition to instruct an applicant that upon his return to federal court he is to bring only exhausted claims. Once the petitioner is made aware of the exhaustion requirement, no reason exists for him not to exhaust all potential claims before returning to federal court. The failure to comply with an order of the court is grounds for dismissal with prejudice." Slack v. McDaniel, 529 U.S. 473, 489 (2000)(citations omitted). Therefore, Petitioner is forewarned that in the event he returns to federal court and files a mixed petition of exhausted and unexhausted claims, the petition may be dismissed with prejudice.

at *5 (9th Cir. Sept. 23, 2005). However, these options would be futile in the instant case since the petition contains *no* exhausted claims either to stay or upon which to proceed.

Petitioner is also forewarned that there is a one-year limitation period in which he must file his habeas corpus petition in federal court. In most cases, the one-year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review. See 28 U.S.C. § 2244(d)(1). The limitation period is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d)(2). However, the limitations period is *not* tolled for the time such an application is pending in federal court. Duncan v. Walker, 533 U.S. 167, 181 (2001).

## RECOMMENDATION

Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be DISMISSED without prejudice.

This Report and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy of this Report and Recommendation, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Report and Recommendation." Replies to the Objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the Objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 27, 2005**                     **/s/ Theresa A. Goldner**
j6eb3d                                           UNITED STATES MAGISTRATE JUDGE