IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK S. PARKHURST,<br><br>                Petitioner,<br>    v.<br><br>U. S. DISTRICT COURT,<br><br>                Respondent. | CV F 05-0471 AWI TAG HC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br><br>ORDER GRANTING REQUEST FOR DOCUMENTS IN PART AND DENYING REQUEST IN PART<br><br>(Document #11) |

      Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On December 6, 2005, the court adopted the Magistrate Judge's Report and Recommendation and dismissed this action without prejudice because Petitioner had not exhausted his state remedies prior to filing his petition. On December 15, 2005, Petitioner filed a motion for reconsideration and request for records.

      The court has discretion to reconsider and vacate a prior order. Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); United States v. Nutri-cology, Inc., 982 F.2d 394, 396 (9th Cir. 1992). Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). Pursuant to Federal Rule of Civil Procedure 60(b), the court may relieve a party from a final judgment based on specific grounds, such as: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) "extraordinary circumstances" which would justify relief. School

Dist. No. 1J Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). When filing a motion for reconsideration, Local Rule 78-230(k) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion." New evidence allowing for reconsideration must be of such magnitude that production of it earlier would have been likely to change the disposition of the case. Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990).

Petitioner provides no grounds for his motion for reconsideration. Petitioner has provided no evidence or argument that his state remedies have been exhausted. Thus, reconsideration is not warranted.

Petitioner also asks that the court send him records of this action. Specifically, Petitioner asks for documents one, seven, and eight. A review of the docket in this action reveals that document one is Petitioner's petition for writ of habeas corpus and document eight is Petitioner's objections to the Magistrate Judge's Report and Recommendation. The court does not have the resources to provide Petitioner with copies of documents he filed in this court. Petitioner must keep copies of his own documents. However, in the interests justice, the court will send Petitioner a courtesy copy of document seven, the Magistrate Judge's Report and Recommendation.

Accordingly, the court ORDERS that:

1. Plaintiff's motion for reconsideration is DENIED;

2. Plaintiff's request for copies of documents one and eight is DENIED;

3. Plaintiff's request for a copy of document seven is GRANTED; and

4. The Clerk of the Court is DIRECTED to send Petitioner another copy of the Magistrate Judge's Report and Recommendation, document seven.

IT IS SO ORDERED.

**Dated:   December 23, 2005**          **/s/ Anthony W. Ishii**
0m8i78                             UNITED STATES DISTRICT JUDGE